**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2013

No. 12-20362

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALAN DURAND JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-834-1

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alan Jones challenges the 18-month sentence he received upon the revocation of his supervised release. He contends the district court reversibly erred by failing to provide a sufficient explanation for the revocation sentence, by giving significant weight to an improper factor, and by incorrectly weighing other factors, thus imposing an unreasonable sentence. We AFFIRM.

In 2005, Jones pled guilty and was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20362

He was sentenced to a term of imprisonment followed by three years of supervised release. The terms of the supervision required him not to commit another crime. According to Jones, he began supervision on February 10, 2010.

In 2012, Jones admitted he violated the conditions of his release by committing two misdemeanor offenses. The United States District Court for the Southern District of Texas adjudicated him guilty of these violations and sentenced him to 18 months' imprisonment. He appeals the reasonableness of that sentence.

## DISCUSSION

We review a sentence imposed upon revocation of supervised release under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). This standard is more deferential than the standard that applies to sentences imposed upon conviction. *Id.* "[W]e evaluate whether the district court procedurally erred before we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (quotation marks omitted). If the sentence is determined to be unreasonable, we then "consider whether the error was obvious under existing law." *Id.*

The parties dispute whether Jones sufficiently preserved his arguments to avoid plain-error review. We need not resolve the dispute, as Jones's arguments fail even under an abuse-of-discretion standard.

Jones first contends the district court procedurally erred by failing to give an adequate explanation of its reasons for imposing the sentence. In sentencing after a revocation, a court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Whitelaw*,

No. 12-20362

580 F.3d 256, 261 (5th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  Here, the statutory maximum term of imprisonment was two years, and the revocation-imprisonment range was 7 to 13 months.  Despite Jones's presentation of mitigating reasons for a lower sentence, the district court sentenced him to serve 18 months' imprisonment; thus, "some explanation was required." *Id.* at 261-62.

The district court stated that the sentence was imposed pursuant to the United States Sentencing Commission's relevant policy statements and that it addressed the "objectives of punishment, incapacitation and deterrence."  Jones objected, and the court further explained it accounted for the time Jones had already served.  The court believed the sentence was necessary because Jones had demonstrated he was "incapable of following any kind of supervised release" such that he needed a "a rather stiff sentence."  The statement was supported by the pre-sentence investigation report, which reveals this was Jones's third time to have post-imprisonment supervision revoked.

The record reveals that the district court considered Jones's arguments, and Jones fails to show the sentencing decision was unreasonable. We conclude the district court's explanation is sufficient.  Jones has not shown procedural error.

Second, Jones argues the sentence was substantively unreasonable because the district court gave significant weight to an improper factor. He asserts the court impermissibly relied on "punishment" as a reason for imposing the sentence. *See Miller*, 634 F.3d at 844.

Generally, it is proper for a court to consider "the need for the sentence imposed . . . to provide just punishment for the offense."  18 U.S.C. 3553(a)(2)(A).

3

No. 12-20362

In *Miller*, though, we held that Congress had clearly prohibited consideration of the "just punishment" factor of Section 3553(a)(2)(A) when imposing a sentence after revocation of a supervised release term. *Miller*, 634 F.3d at 844 (citing 18 U.S.C. § 3583(e)). Even so, we noted that "the goal of revocation is to punish a defendant for violating the terms of the supervised release." *Id.* at 843. The goal is identified in the introduction to the United States Sentencing Commission's policy chapter discussing violations of supervised release, in which the Commission stated that the revoking court should penalize a defendant for breaching the court's trust, as opposed to punishing the defendant for the new criminal conduct. U.S.S.G. ch. 7, pt. A, introductory cmt. ¶ 3(b) (2011).

Here, the district court twice referenced punishment. The first time, the court said the sentence addressed an objective of punishment. The second time, the court found that Jones's actions showed he was "incapable of following any kind of supervised release" and expressed a belief that Jones needed to be punished. The pre-sentence investigation report shows that Jones's probation was revoked in 2000 and 2005, and each revocation resulted in new confinement. The record indicates that the court sought to punish Jones for violating the conditions of his supervised release. There was no error.

Jones also argues his sentence is substantively unreasonable because the district court failed to give sufficient weight to the mitigating evidence he presented and gave too much weight to his prior criminal history. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). In considering his argument, we "take into account the totality of the circumstances, including the extent of any variance . . . but must give due deference to the district court's decision that

No. 12-20362

the [permissible] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Specifically, Jones asserts his underlying offenses, which led to the revocation, were misdemeanors that reflected poor judgment, as opposed to the actions of a dangerous offender. He also expressed a desire to be a part of his children's lives and to earn an education in order to obtain a job. The record shows the district court considered Jones's assertions and, in addition to punishment, imposed the 18-month sentence to address incapacitation and deterrence. His history and characteristics, as revealed in the pre-sentence investigation report, show aggravated acts of violence and multiple revocations of supervision. Thus, Jones fails to show an abuse of discretion, and in light of the deference owed to the district court, we hold that the sentence imposed is not substantively unreasonable. *See id.*

AFFIRMED.